JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Steven Pass appeals from his conviction after a jury trial of felonious assault with a deadly weapon. Appellant contends his conviction is unsupported by the weight of the evidence. Since this court's review of the record compels a contrary conclusion, his conviction is affirmed.
 {¶ 2} Appellant's conviction results from an incident that occurred at his parents' home on the late evening of August 17, 2001. Appellant, his wife and his two young children were visiting at the home. During the evening, two of appellant's friends joined them, Troy Clark and Mario Winbush. Winbush had brought some beer with him; the friends lounged on the porch with the beverages as they conversed.
 {¶ 3} After a time, Winbush's language became somewhat coarse. This offended appellant because it also had occurred on a previous occasion. On that occasion, appellant had reminded Winbush that his children and parents were present, and had requested Winbush to leave the premises. Winbush had complied, but somewhat ungraciously.
 {¶ 4} Similarly, on this evening appellant responded to Winbush's cursing by ordering him to leave. Winbush ignored appellant since appellant's father earlier had assured him that appellant did not have the authority to issue such an order.
 {¶ 5} Winbush's indifference triggered appellant to enter his parent's house. While appellant was indoors, Winbush essentially suggested to Clark in a deprecating way that appellant's reaction was overwrought.
 {¶ 6} Appellant may have heard the comments; he emerged from the house with an attitude that caused Winbush to move off of the porch and toward the front sidewalk. The two exchanged words. Then appellant appropriated what Winbush testified was a "garden hoe" from the side yard. He approached Winbush, swung it "with all his might," and struck at Winbush's left side. Winbush, "shocked," instinctively raised his left arm as a shield. Upon contact with the weapon, Winbush's skin split and his ulna shattered.
 {¶ 7} Appellant took another swing at Winbush, striking him again. This caused Winbush to fall to the ground. Another blow from the implement wielded by appellant struck Winbush on the head.
 {¶ 8} Eventually, appellant was pulled away from Winbush. Winbush had to be transported to the hospital by emergency medical service; upon his arrival, the emergency room physician noted Winbush had "positive amnesia" from the blow to the head. Winbush's injuries ultimately required sutures, staples, three surgeries, and two-months of hospitalization.
 {¶ 9} Appellant was indicted on one count of felonious assault with a deadly weapon, R.C. 2903.11. His case proceeded to a jury trial. The state presented the testimony of Clark, Winbush and the police officers who had investigated the incident. The state also introduced into evidence photographs taken of Winbush during his hospital convalescence and a copy of Winbush's medical record.
 {¶ 10} Appellant presented the testimony of a character witness and also testified in his own behalf. Appellant claimed he had struck Winbush in self-defense out of fear for his life. The jury, however, ultimately returned a verdict of guilty.
 {¶ 11} Following a presentence investigation and report, the trial court sentenced appellant to three years of conditional community control sanctions.
 {¶ 12} Appellant's appeal of his conviction presents only the following assignment of error for review.
 {¶ 13} "The verdict is against the manifest weight of the evidence."
 {¶ 14} Appellant argues his conviction is unsupported by the weight of the evidence, contending he and his witness were more worthy of the jury's belief. As authority by which this court should be guided in its analysis of his argument, appellant correctly cites State v. Martin
(1983), 20 Ohio App.3d 172. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 15} With that in mind, it is obvious the jury, which primarily is charged with assessing the credibility of the witnesses, did not lose its way in this case. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Winbush presented a logical, coherent sequence of events that Clark reluctantly corroborated in all of its important aspects. Moreover, the physical evidence also provided corroboration.
 {¶ 16} Appellant's claim of self-defense, on the other hand, completely lacked believability in the face of his admissions. Appellant conceded he never observed Winbush with a weapon; indeed, Winbush carried only a beer bottle which he merely lifted before appellant struck the first blow "with all of [his] might." Appellant further conceded he connected with Winbush at least three times whereas Winbush had not even managed to defend himself during the attack. Appellant also acknowledged that when the incident was over, he remained standing without any injury but held a broken weapon; Winbush, on the other hand, was on the ground with injuries so severe he required extensive and lengthy medical treatment.
 {¶ 17} Since appellant's conviction, therefore, was well-supported by the weight of the evidence, appellant's assignment of error is overruled. State v. Dill (Aug. 28, 1997), Cuyahoga App. No. 70740; Statev. Thomas (July 9, 1998), Cuyahoga App. No. 73028; State v. Gedson (July 9, 1998), Cuyahoga App. No. 73034; State v. Wright (Aug. 6, 1998), Cuyahoga App. No. 72531.
 {¶ 18} Appellant's conviction is affirmed.
 {¶ 19} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 20} The court finds there were reasonable grounds for this appeal.
 {¶ 21} It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 {¶ 22} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and FRANK D. CELEBREZZE, JR. CONCUR
 KEY SUMMARY WORDS
Assault — Felonious — Evidence — Weight